349 So.2d 841 (1977)
Curry A. POWELL, Appellant,
v.
Edith J. POWELL, Appellee.
No. 76-2036.
District Court of Appeal of Florida, Second District.
September 16, 1977.
*842 G. Craig Soria, of Law Offices of Dick Lee, Sarasota, for appellant.
Alexander G. Paderewski, of Dent & Pflugner, P.A., Sarasota, for appellee.
GRIMES, Judge.
The only issue on this appeal from a final judgment of dissolution is the propriety of an award to the wife of a special equity in proceeds from the sale of the parties' home owned as tenants by the entireties.
The parties were married in 1969. There was ample evidence that the wife used money unconnected with the marriage to satisfy mortgages on the home and to pay for improvements thereto. The point of contention is whether these payments constituted gifts.
Prior to the adoption of our 1968 Constitution, where a husband's separate funds were used to acquire or improve property in which title was held as tenants by the entireties, he was presumed to have made a gift to his wife. Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941); Schoenrock v. Schoenrock, 202 So.2d 571 (Fla. 2d DCA 1967). On the other hand, where a wife's separate funds were involved, a counter-presumption existed whereby the wife's equity from her separate estate was deemed to be held for her in trust by her husband. Pyle v. Pyle, 53 So.2d 312 (Fla. 1951); Mays v. Mays, 203 So.2d 674 (Fla. 3d DCA 1967). Beginning with Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971), the Fourth District Court of Appeal rendered several decisions holding that funds contributed by the wife toward entireties property would now be presumed to be a gift in the same manner as if the husband had furnished the money. E.g., Davis v. Davis, 282 So.2d 655 (Fla. 4th DCA 1973); Rey v. Rey, 279 So.2d 360 (Fla. 4th DCA 1973). However, in Hegel v. Hegel, 248 So.2d 212 (Fla. 3d DCA 1971), the Third District Court of Appeal reaffirmed the resulting trust rule with respect to the wife's contribution of funds.
The law was in this posture when the case of Ball v. Ball, 303 So.2d 32 (Fla. 2d DCA 1974), came before this court. We opted for the rule announced in Steinhauer on the premise that the new Constitution abolished the distinctions between married men and married women with respect to *843 the handling of their property. Because of our conflict with Hegel, the Supreme Court acquired jurisdiction and rendered a decision on the subject which is reported at 335 So.2d 5 (Fla. 1976). The Supreme Court rejected both the Hegel rationale and that expressed in our opinion and adopted a new rule whereby all presumptions were abolished. Recognizing the problems which might result from retroactive application, the court stated that the new principles would apply only to dissolution proceedings instituted after the date its opinion became final. This left open the question of how the presumption should be applied in the case of a wife's contribution of funds subsequent to 1968 where the dissolution action has been filed prior to the date the Supreme Court rendered its Ball opinion.
The instant case falls in this category. Once again it becomes necessary for us to choose between the Steinhauer and Hegel principles. Once again we are persuaded that the enactment of the 1968 Constitution requires that the sexes be treated the same way. Therefore, in the case below when the wife contributed her separate funds to the enhancement of the entireties property, she was presumed to have been making gifts.
There remains, of course, the question of whether or not the presumption of gifts was rebutted by clear and convincing evidence. See Abbott v. Abbott, 297 So.2d 608 (Fla. 2d DCA 1974). On this point the wife admitted that until an argument took place in 1974 during which the husband fired a bullet through the ceiling, she had never intended for the property to be owned other than jointly by her and her husband. She testified:
"Q Up until the shooting, you meant for the house to be yours and Mr. Powell's, but then afterwards, you meant to have your interest back, is that correct?
A Again, that's nebulous. No, not really.
Q That's nebulous. What do you mean?
A I guess if we had stayed together, the house would have continued to be ours.
Q But, the fact that you got, are going to get a divorce and you want back what you paid in, is that right?
A I certainly do.
* * * * * *
Q Up until that time, there was no intent to take anything back that you put in that property, either purchase price or remodeling, it was our home and together you owned it, together, right?
A Yes."
The only evidence in favor of the wife came in the form of the following response she gave to a question propounded by her attorney near the end of her examination:
"Q What did you intend with reference to these monies that you put in the home, Mrs. Powell, with respect to the ownership by your husband of any of them?
A I didn't intend it should be his."
This self-serving statement, standing by itself, cannot suffice as the clear and convincing evidence necessary to rebut the presumption that gifts were made, particularly since the wife's contributions predated the 1974 quarrel. Therefore, the husband is entitled to one-half of the sale proceeds which are being held pending resolution of this issue.
REVERSED.
BOARDMAN, C.J., and SCHEB, J., concur.