362 So.2d 302 (1978)
Kattie Sue LAWLESS, Appellant,
v.
William LAWLESS, Appellee.
No. 78-19.
District Court of Appeal of Florida, Second District.
July 14, 1978.
Rehearing Denied September 1, 1978.
F. Dennis Alvarez of Bonanno, Nutter & Alvarez, Tampa, for appellant.
James Campbell, New Port Richey, for appellee.
OTT, Judge.
Mrs. Kattie Sue Lawless appeals from a final judgment of dissolution of marriage, contending that the trial court erred in not awarding her a special equity in property which she and her husband hold in their joint names. We think her arguments have merit.
Mr. and Mrs. Lawless were an elderly couple who were married less than four years prior to the final hearing in this matter. At the time of the marriage Mrs. Lawless owned a condominium worth $15,510; $2,500 worth of furniture; Selected American Stock worth $12,656; Pan American stock worth $523; a 1972 automobile worth $2,400; approximately $5,000 in a savings account; and, two certificates of deposit worth $1,000 and $5,000. Mr. Lawless' assets included a condominium worth $21,000 (with a $10,500 outstanding mortgage); an automobile worth $1,400; $838 worth of A & P stock; and, a savings account which contained $6,431.32.
During the marriage each party placed the funds from their personal savings accounts into a joint savings account. Mrs. Lawless sold her Pan American stock for $523 and placed this money in the account. Mr. Lawless sold his condominium and placed the $10,500 proceeds in another joint account.
In the meantime, each party placed their remaining stock and Mrs. Lawless' condominium in their joint names. Also both parties sold their automobiles and purchased a new car with the proceeds therefrom and money from their savings *303 account. Later they traded in this car for a 1977 Oldsmobile.
At the final hearing both Mr. and Mrs. Lawless testified that they did not intend for the creation of the joint tenancies to represent gifts to each other. Rather, they testified, they set up the joint tenancies for convenience sake. After hearing this testimony the court divided the jointly held property into two equal shares, giving each party a share. We believe that in so doing, the trial court was in error.
In Ball v. Ball, 335 So.2d 5 (Fla. 1976), the supreme court held that where one spouse supplies jointly held real property from a source unconnected with the marital relationship, a trial court should award the property to that spouse absent positive evidence that the spouse intended a gift. This reversed the prior case law that under such circumstances a gift must be presumed.[1] The court expressly limited its holding to real property since that was all that was involved. We cannot articulate any rational reason for distinguishing personal property from similar treatment  as a general rule. Hagin v. Hagin, 353 So.2d 949 (Fla. 2d DCA 1978) and Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978) have already so suggested or concluded.[2]
We think that the trial court should have applied Ball to the present case. Neither Mr. nor Mrs. Lawless presented any evidence of a gift and so each should be entitled to the property he or she brought into the marriage. On remand, then, the trial court should make a new disposition of the jointly held property which is in accord with the reasoning of this opinion. We note, however, that it may be difficult for the court to trace the ownership rights in some of the personal property such as the Oldsmobile and the savings account. Therefore, the court should award a special equity only where ownership rights are reasonably ascertainable and the subsequent action of the parties remains consistent with the "no gift" presumption we must now adhere to. For example, if real or personal property is converted into cash and is then deposited in a joint checking account subject to use or withdrawal by either party while both are living, we think this could be some credible evidence that a gift was intended. Similarly, the facts surrounding the sale/purchase/trade and use of the automobiles are evidence for consideration by the trier of fact on the question.
That part of the final judgment of dissolution disposing of the real and personal property of the parties is reversed. In all other respects the final judgment is affirmed.
Reversed and remanded for further proceedings consistent herewith.
BOARDMAN, Acting C.J., and DANAHY, J., concur.
NOTES
[1] The tortuous evolution of the law in this area was analyzed by this court in Powell v. Powell, 349 So.2d 841 (Fla. 2d DCA 1977).
[2] Two recent cases applying the Ball rule involving cash derived by one party from a source unconnected with the marital relationship are Bickerstaff v. Bickerstaff, 358 So.2d 590 (Fla. 1st DCA 1978); Malkemes v. Malkemes, 357 So.2d 223 (Fla. 2d DCA 1978).