376 So.2d 294 (1979)
Donald M. BEHRMAN, Appellant,
v.
Martha Mae BEHRMAN, Appellee.
No. 79-449.
District Court of Appeal of Florida, Second District.
October 31, 1979.
*295 Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, Tampa, for appellant.
Russell K. Peavyhouse of Peavyhouse, Giglio, Grant, Clark, Charlton & Mount, Tampa, for appellee.
PER CURIAM.
Donald M. Behrman appeals from the provisions of a final judgment of dissolution of marriage, alleging the court erred in making an award of lump sum alimony to appellee and in refusing appellant a special equity in a jointly owned $7,000.00 certificate of deposit.
We affirm all aspects of the final judgment except the denial of a special equity in the certificate of deposit. Appellant testified that the certificate was purchased after his mother's death with funds directly from her estate account. Although some funds from the estate were mingled in the parties' other joint accounts, only estate funds were used to open the account in question. We hold that the ownership rights are easily ascertainable because the funds came from a source unconnected with the marital relationship, and that the subsequent action of the parties in keeping the funds separate from co-mingled funds is consistent with a "no gift" presumption. Lawless v. Lawless, 362 So.2d 302 (Fla. 2d DCA 1978). See Ball v. Ball, 335 So.2d 5 (Fla. 1976).
REMANDED for entry of an order consistent with this opinion.
HOBSON, Acting C.J., and RYDER and DANAHY, JJ., concur.