376 So.2d 294 (1979)
Carl Wayne FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-69.
District Court of Appeal of Florida, Second District.
October 31, 1979.
Andrew P. Mavrides, P.A., Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Pursuant to a plea bargain, appellant pled nolo contendere to a charge of possession of a controlled substance, reserving the right to appeal the denial of his motions to suppress and dismiss. We find no error in the denial of these motions. However, appellant has a valid complaint with respect to his sentence.
The plea bargain contemplated that after consideration of appellant's presentence investigation the court could sentence him up to a maximum of five years, but if the court decided to place him on probation, it would withhold adjudication and not require him to serve more than one year in jail as a condition of probation. At sentencing two months later, the court concluded that appellant's PSI justified placing him on probation with the condition that he spend one year in jail. In addition, the court adjudicated appellant guilty and fined him $5,000.
Appellant contends, and we agree, that the sentence cannot stand because it deviated from the terms of the plea bargain which the court had originally approved. When the court did not later honor this bargain, whether through mistake or subsequent change in its point of view concerning the appropriate sentence, appellant should have had the opportunity to withdraw his plea before sentencing. Davis v. State, 308 So.2d 27 (Fla. 1975).
Accordingly, we hereby vacate the sentence and remand the case for further proceedings. In the event the court continues to feel that a sentence other than that contemplated by the plea bargain is warranted, it should first give appellant the option to withdraw his plea. See State ex rel. Milton v. Strickland, 361 So.2d 446 (Fla.2d DCA 1978).
HOBSON and BOARDMAN, JJ., concur.