386 So.2d 275 (1980)
John P. McCALL, Appellant,
v.
Martha C. McCALL, Appellee.
No. 79-2020.
District Court of Appeal of Florida, Second District.
May 28, 1980.
Rehearing Denied July 23, 1980.
*276 James H. Titus of Titus & Titus, Sarasota, for appellant.
Carrol F. Dillon of Dillon & Dillon, Sarasota, for appellee.
PER CURIAM.
Affirmed.
SCHEB, Acting C.J., and OTT and DANAHY, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
This is but another of the many cases decided without the benefit of the guidelines and nomenclature established by our supreme court in Duncan v. Duncan, 379 So.2d 949 (Fla. 1980) and Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The trial court arrived at an eminently equitable and appropriate result under the facts and circumstances of this case  the recital of which would serve no useful purpose. The court's only error (we now know) was in declaring that Mrs. McCall had a "special equity" in the family home, entitling her to a conveyance of the husband's undivided one-half interest therein. The award, however, would have been quite proper had it been denominated "lump sum alimony."
There may be cases where such an error would require reversal, but we can discern no prejudice from letting the present award stand. We are satisfied that no result more favorable to Mr. McCall could result from returning the case to the court below. The only possible consequence of reversal would be an unnecessary imposition on some court calendar already crowded with real controversies. We therefore affirm the award of the husband's interest in the jointly titled real property as an appropriate lump sum alimony award although erroneously designated as a "special equity."
The motion for rehearing is therefore denied.
SCHEB, C.J., and OTT and DANAHY, JJ., concur.