473 So.2d 306 (1985)
Homer P. WALSER, Appellant,
v.
Rita J. WALSER, Appellee.
No. 84-1584.
District Court of Appeal of Florida, Second District.
August 7, 1985.
*307 William B. Fletcher, Sebring, for appellant.
Joe R. Young, Jr., of Bradley, Johnson, Nelson, Young & Horton, Lake Wales, for appellee.
OTT, Judge.
The husband appeals from a final judgment of dissolution of marriage, contending that the trial court erred in (1) awarding the wife special equities in the proceeds from the sale of the marital home and in his separately owned business, and (2) not awarding him a special equity in the proceeds from the sale of the marital home. For the reasons stated below, we reverse and remand to the trial court.
First, we find that the trial court erred in awarding the wife a special equity in the proceeds from the sale of the marital home.[1] Between 1972 and 1974, the wife *308 inherited approximately $15,000 from her mother's estate. The record discloses that some of this inheritance money was deposited into a joint savings account, and some of it was used to purchase certificates of deposit in joint names. Some of the inheritance was spent, although the parties are not certain as to how much. The parties admit that the joint accounts were established for survivorship reasons. The record further evidences that the inheritance money was commingled with funds derived from both spouses and subsequently transferred to another joint account, and again commingled with joint funds. In late 1976, the husband wrote a check on the joint account for approximately $10,000 as a down payment on land on which the parties eventually built their marital home. The wife contends that "all," and the husband concedes that "most" of the down payment for the land came from the wife's inheritance. The wife now claims that she never intended a gift of the inheritance to her husband, although she also stated that both parties "pooled" their money together.
A "special equity" is created by an unrebutted showing that consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. Ball v. Ball, 335 So.2d 5, 7 (Fla. 1976). The contributing spouse should be awarded a special equity in the property, absent contradictory evidence that a gift was intended. Id. However, a trial court should only award a special equity where ownership rights are reasonably ascertainable and the subsequent actions of the parties remain consistent with the "no-gift" presumption. Lawless v. Lawless, 362 So.2d 302 (Fla.2d DCA 1978).
The parties' actions in commingling the inheritance with joint funds in active joint accounts to which each had equal access and into which each had made substantial deposits and withdrawals over a period of four years are sufficient to rebut the "no-gift" presumption. Although the wife, in hindsight, claims that she did not intend a gift of her inheritance to the husband, her actions over the years and her admission that both parties "pooled" their money together were sufficient evidence to divest her of any special equity that she may have had in the marital home. Ball. See also Behrman v. Behrman, 376 So.2d 294 (Fla.2d DCA 1979).
Similarly, we find that the trial court erred in awarding the wife a special equity in the husband's separately owned business. During the marriage, the parties received an insurance settlement for injuries sustained in an automobile accident. The settlement check was issued in both parties' names and deposited into their joint savings account. Again, both parties' earnings were also deposited into this account. The settlement was used to help support the parties while the husband was starting his business. The wife now claims that because she was injured more than the husband, most of the insurance settlement was hers, and as such, she should receive a special equity in the husband's business because her money was used to support the parties while the business was being started.
We do not think the wife has established a special equity in the husband's business for several reasons. First, she did not establish with any reasonable certainty which part of the settlement reflected her pro rata share of the injuries. Second, even if it were established that she was entitled to a specific share of the settlement, the parties' subsequent actions of commingling the funds would have rebutted the "no-gift" presumption. Ball and Lawless. Finally, there was no showing that these funds were put into the husband's business. The jointly owned settlement was used to support both parties. The wife made no showing she was the sole or main supporter of the family during this *309 stage. See Scheidl v. Scheidl, 343 So.2d 963 (Fla. 1st DCA 1977).
We further find that the husband did not deserve a special equity in the marital home for his extraordinary contributions in labor. See Duncan v. Duncan, 379 So.2d 949, 951 (Fla. 1980); Smith v. Smith, 418 So.2d 1053 (Fla. 1st DCA 1982).
Even though we have determined that the wife's inheritance and her share of the insurance settlement may not be the basis for a special equity award, these items may justify an award of lump sum alimony to ensure an equitable distribution of property acquired during the marriage. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980); McCall v. McCall, 386 So.2d 275 (Fla.2d DCA 1980). It is clear from the record that the trial court felt that the wife would be "short-changed" if she were not awarded the special equities. The record also supports some justification in awarding the wife lump sum alimony in that she will need further education to support herself and she cannot meet her current expenses on her present wages. The record, however, does not adequately reflect the husband's financial ability to make such a payment without substantially endangering his economic status. Canakaris, 382 So.2d at 1201.
Accordingly, we reverse the award to the wife of a special equity in the proceeds from the sale of the marital home, as well as in the husband's separately owned business. We remand the case to the trial court to reconsider its award in light of this opinion.
REVERSED and REMANDED with directions.
SCHEB, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Because of our disposition of this case, we do not address the propriety of asking the trial court to determine a special equity in proceeds from the sale of the marital home, after that sale had been completed and the proceeds equally divided between the parties. To us, it does not seem proper to ask the trial court to redivide the proceeds after the fact, when the parties have reconsidered and allege a mistake has been made. This is especially true here given that it does not appear from the record that the proceeds were held pending resolution of the case. See, e.g., Powell v. Powell, 349 So.2d 841 (Fla.2d DCA 1977).