552 So.2d 236 (1989)
Peter MERCURIO, Appellant,
v.
Ophelia URBAN, Appellee.
Nos. 88-2150 and 88-2695.
District Court of Appeal of Florida, Fourth District.
October 25, 1989.
Rehearing Denied December 6, 1989.
*237 Bryan W. Duke of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellant.
Roy A. Diaz of the Law Offices of Glantz & Glantz, Fort Lauderdale, for appellee.
GUNTHER, Judge.
We affirm the trial court's final judgment awarding Ophelia Urban (Urban) one-half of the stock certificate owned by the parties as tenants in common. The trial court did not err in finding that Urban was entitled to a presumption of gift as a result of her name appearing on the subject stock certificate. Sullivan v. American Telephone & Telegraph Co., 230 So.2d 18 (Fla. 4th DCA 1969).
Furthermore, we agree with the trial court finding that Mercurio did not meet his burden of rebutting the presumption of a gift. According to the court in Sullivan, the registering of stock in both names creates a presumption of gift; nevertheless, such a conclusion is not conclusive of the issue and may be rebutted. Contrary to Mercurio's assertion, the mere fact that he contributed all the funds for the purchase of the stock certificate is not sufficient to rebut the presumption that a gift was intended when the stock certificate was titled as tenants in common. Although there was conflicting evidence, the record supports the trial court's finding that Mercurio failed to adequately rebut any of the essential elements of a gift, i.e., donative intent, delivery, and acceptance by Urban.
Since we affirm that Urban owns one-half of the value represented in the stock certificate in dispute, we conclude that the trial court erred in failing to award Mercurio a credit for $2,933.95 representing one-half of the expenses he incurred with respect to the stock certificate.
Affirmed in part; reversed in part and remanded to the trial court to amend the final judgment in accordance with this opinion.
GLICKSTEIN and WALDEN, JJ., concur.