687 So.2d 837 (1996)
Ruth B. LYONS, Appellant,
v.
Charles H. LYONS, Appellee.
No. 95-04517.
District Court of Appeal of Florida, Second District.
December 11, 1996.
Judith J. Flanders of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, for Appellant.
William C. Hamm, Jr., of Smith & Hamm, P.A., Lake Alfred, for Appellee.
PATTERSON, Acting Chief Judge.
The wife appeals from a final judgment of dissolution of marriage and challenges the trial court's scheme of equitable distribution. We affirm in part and reverse in part.
In controversy are two certificates of deposit and one share of stock. The trial court determined all were marital assets. We agree as to the one share of stock in Charles H. Lyons Used Cars, Inc., and to certificate of deposit B74062 in the approximate value of $20,000 and affirm as to these assets. We disagree and reverse as to certificate of deposit B747466 in the approximate amount of $50,000, which the wife derived by inheritances.
Although the wife originally placed the $50,000 certificate of deposit in joint names in 1982, it was never commingled with marital assets. In January of 1994, she had the certificate reissued in her name alone. The wife testified that she placed the husband's name on the certificate solely for testamentary purposes with no intent of a gift. Her testimony is unrebutted. Cf. Robinson v. Robinson, 655 So.2d 123 (Fla. 3d DCA) (funds treated as marital property because wife failed to rebut presumption that she made a gift to husband when her nonmarital funds were commingled in accounts with marital funds), review denied, 663 So.2d 631 (Fla.1995). We hold that the $50,000 certificate of deposit, funded entirely by the wife's inheritances, is the wife's nonmarital asset. See § 61.075(5)(b)2., Fla. Stat. (Supp.1994).
Because our holding affects the trial court's overall scheme of equitable distribution, we reverse and remand to permit the trial court to reconsider the matter of equitable distribution in its entirety.
Affirmed in part and reversed in part.
QUINCE and WHATLEY, JJ., concur.