PARKER, Judge.
The State of Florida appeals the trial court’s failure to sentence Gregory Sloan *133 pursuant to section 775.082(8), Florida Statutes (1997), the Prison Releasee Reof-fender Act (the Act). We reverse.
In this case, the State charged Sloan with attempted burglary of a dwelling, possession of burglary tools, and possession of cocaine. Over the State’s objection, Sloan agreed to enter a plea of no contest to each charge in return for a guidelines sentence of forty-four months’ prison. At the change of plea hearing, the State noted that it had filed a notice of Sloan’s qualification to be sentenced under the Act and objected to the imposition of a guidelines sentence. Defense counsel made the following comments regarding the applicability of the Act: “I’d like to put in the record the basis for taking [Sloan] out of [the Act] ... There is not a showing that he’s a threat to the community. There was no weapon used.... I think the Court is amenable to that sentence.” The trial court thereafter stated:
It would appeal’ that Mr. Sloan qualifies for the prison releasee re-offender program pursuant to Florida Statute 775.082.
I’m going to make a finding on the record that in my opinion that [sic] Mr. Sloan is not a threat to the community, the crime with which he is charged being attempted burglary was not done in an armed way. It was not completed — I do not feel under the facts of this case that it showed an indication that prison releasee re-offender program sentence should be imposed in this case and therefore a guideline sentence is imposed.
The State argues that, because Sloan qualified for sentencing under the Act, the trial court erred by failing to impose what constitutes a mandatory sentence. Sloan argues that the trial court properly used its discretion to determine that he should not be sentenced under the Act because he qualified for a guidelines sentence under one of the statutorily authorized exceptions to the Act.
Section 775.082(8)(d)l., Florida Statutes (1997), provides, in pertinent part:
It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
We disagree with the State’s position that the trial court does not have the discretion to determine whether to sentence a defendant under the Act. See State v. Cotton, 728 So.2d 251, 252 (Fla. 2d DCA 1998) (“We hold that the trial court, not the prosecutor, has the responsibility to determine the facts and to exercise the discretion permitted by [the Act]”), review granted, 737 So.2d 551 (Fla.1999). As long as the court finds that one of the statutorily authorized exceptions to the imposition of a sentence as a prison releasee reoffen-der exists, it may sentence the defendant under the guidelines. Id.
The only authorized exception that could apply in this case is exception d. (“Other extenuating circumstances which preclude the just prosecution of the offender”). The State argues that exception d. should be limited to matters which would prevent a defendant from being prosecuted for the charged offense(s). We cannot envision a set of facts to apply that argument to exception d.; if certain matters prevented Sloan’s prosecution, Sloan would not be before the trial court for sentencing. Further, the word “just” seems to suggest circumstances which could allow for a con- *134 vietion, but somehow render the defendant less culpable of the crime.
In this case, the only facts that the trial court set forth for not sentencing Sloan under the Act were that he was not a threat to the community, did not use a weapon in the commission of the crime, and did not complete the crime. It is clear from the language of the Act that it is intended to apply to attempted burglary:
“Prison releasee reoffender” means any defendant who commits, or attempts to commit:
[[Image here]]
p. Armed burglary;
q. Burglary of an occupied structure or dwelling;
§ 775.082(8)(a)1., Fla. Stat. (1997) (emphasis added). By sentencing Sloan to a guidelines sentence because he did not complete the crime and was not armed, the trial court effectively stated that it would not sentence a defendant under the Act because the crime was attempted burglary. We conclude that this was error. Although the trial court also found that Sloan was not a threat to the community, there is no evidence to support this finding.
While we do agree that exception d. in the Act does give a trial court discretion not to sentence a defendant pursuant to the Act, there must be sufficient facts set out by the trial court for this court to affirm the use of that discretion. Accordingly, we reverse and remand this case for resentencing. If the trial court cannot make a finding of any other exceptions under the Act, it should allow Sloan the option to withdraw his plea, as it was conditioned upon a guidelines sentence. See Freeman v. State, 376 So.2d 294, 294 (Fla. 2d DCA 1979).
Reversed.
PATTERSON, C.J., and STRINGER, J., Concur.