751 So.2d 154 (2000)
Henry DOERR, Jr., Appellant,
v.
Suzanne DOERR, Appellee.
No. 2D99-55.
District Court of Appeal of Florida, Second District.
January 28, 2000.
*155 Connie Mederos-Jacobs of the Law Offices of Connie Mederos-Jacobs, P.A., Bradenton, for Appellant.
Richard Barton Ray of Paster, Ray & Cohen, a Partnership of Professional Associations, Bradenton, for Appellee.
STRINGER, Judge.
Henry Doerr, Jr., the husband, appeals a final judgment of dissolution of marriage. In addition to several points raised concerning the equitable distribution portion of the judgment, the husband contends that the trial court: 1) erred in awarding the primary residential care of all but the oldest of the parties' minor children to the wife; 2) erred in finding the husband to be voluntarily underemployed and as such erred in calculating child support; and 3) erred in failing to award the husband alimony. Based upon our review of the record, we conclude that the denial of alimony and the award of primary residential care of the minor children did not constitute a clear abuse of discretion, and that there is competent substantial evidence to support the trial court's finding that the husband was voluntarily underemployed. Accordingly, we affirm the portions of the final judgment of dissolution of marriage which address those matters, as well as, the portion dissolving the parties' marriage. We, however, reverse the trial court's equitable distribution scheme.
As part of the equitable distribution scheme, the trial court found the $35,000 in General Electric stock held solely in the husband's name to be a marital asset and distributed one half to the wife. The husband inherited the General Electric stock from his aunt during the course of the marriage. The stock had an initial value of $4,000 but during the course of the marriage, grew by passive appreciation and reinvestment of dividends to its present value of $35,000. The stock was at all times solely in the husband's name. Other than advising the husband to reinvest the dividends, the wife did nothing to enhance the value of the stock. Section 61.075(5)(b)2, Florida Statutes (1997), specifically defines nonmarital assets as "[a]ssets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets." Thus, as a matter of law, the inherited stock was the husband's separate nonmarital asset when acquired and continued to be his nonmarital asset at the time of dissolution. See Farrior v. Farrior, 712 So.2d 1154 (Fla. 2d DCA 1998), aff'd, 736 So.2d 1177 (Fla.1999).
Next, the trial court found the 1965 Chevrolet Corvette automobile, valued at $20,000, to be a marital asset. The husband acquired and paid for the Corvette prior to the marriage, and it remained titled solely in his name throughout the marriage. Section 61.075(5)(b)1, Florida Statutes (1997), provides that nonmarital assets include "[a]ssets acquired ... by either party prior to the marriage...." The wife contends that the vehicle became marital property because the parties used marital funds to register and insure it and to purchase license tags. However, there was no showing that the value of the Corvette was enhanced by the expenditure of those funds. Therefore, the court erred in declaring the Corvette a marital asset.
We next address the trial court's award of $12,000 in Publix stock as a marital asset to the husband. The uncontroverted evidence was that this stock had been depleted by the parties' mutual consent nine months before the date the petition for dissolution was filed. Section 61.075(6) provides:
The cut-off date for determining assets and liabilities to be identified and classified as marital assets and liabilities is the earliest of the date the parties entered into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage.
*156 The parties did not have a separation agreement, therefore, the cut-off date applicable here was the date the petition for dissolution was filed. Therefore, the Publix stock was not a marital asset subject to distribution because it no longer existed on the date of filing.
Lastly, the trial court determined the wife's postal pension to be a marital asset and valued it at $34,000. The only evidence of the pension's value was the $34,000 that the wife had contributed to the pension. In valuing a pension, the trial court must determine the present value of the pension and not merely rely on evidence of actual cash contributions. See Dal Ponte v. Dal Ponte, 692 So.2d 283 (Fla. 1st DCA 1997); Johnson v. Johnson, 726 So.2d 393 (Fla. 1st DCA 1999). Thus, the trial court's valuation of the wife's postal pension was improper.
We also would mention that the trial court considered the parties' two pre-paid college funds for their minor children as a marital asset and divided them equally between the parties but did not address whether or not either party would be obligated to continue to contribute to those funds. Even though the husband abandoned his challenge directed toward the designation of the funds as marital assets and their distribution, upon remand we direct the trial court's attention to Osborne v. Osborne, 680 So.2d 505 (Fla. 1st DCA 1996), and Walton v. Walton, 657 So.2d 1214 (Fla. 4th DCA 1995), for guidance in distributing these funds.
We affirm the trial court's determination of alimony and the award of primary residential care of the minor children. We, however, reverse the trial court's equitable distribution scheme. Because reconsideration of the value and status of these various assets will likely affect the trial court's overall equitable distribution scheme, we remand with directions to reconsider the equitable distribution of the parties marital assets and liabilities.
Affirmed in part; reversed in part; and remanded with directions.
PATTERSON, C.J., and NORTHCUTT, J., Concur.