758 So.2d 1213 (2000)
Barbara HAMILTON, Appellant,
v.
Thomas HAMILTON, Appellee.
No. 4D99-2479.
District Court of Appeal of Florida, Fourth District.
May 17, 2000.
John G. Jordan, Fort Lauderdale, for appellant.
Timothy L. Bailey of Sullivan, Bailey and Bailey, P.A., Pompano Beach, for appellee.
GROSS, J.
The primary issue in this case is whether a house and $100,000 which were bequeathed by a parishioner to the husband, a clergyman, are non-marital property within the meaning of section 61.075(5)(b)2., Florida Statutes (1999).
The parties were married for 42 years. At the time of the divorce, the husband was a diaconal minister, whose job included Christian education programming, evangelism, and church growth. He presided at weddings and funerals, and visited parishioners in their homes, nursing homes, and hospitals. The husband's annual income was approximately $49,000. Additionally, the church paid for his home, utilities, and medical benefits.
The husband met Theresa Powell through the church between 1969-1974. The husband was her "[p]astor and friend." To some extent, he was her confidant. The husband thought Powell regarded him like a son. He made doctor's appointments for her and transported her to and from these appointments. Powell had no relatives. During Hurricane Andrew, Powell stayed with the husband and wife. While Powell was there, the wife assisted in her care. The wife testified that she first met Powell in 1969 or 1970 and that she took her to two doctor's appointments.
Powell died in 1995. In her will, she left her house and approximately $100,000 to the husband. She left nothing to the church or the wife. The husband received title to Powell's house. He also received payments from the Theresa Powell Trust: a 1996 payment was $20,000; a 1997 payment was $25,000; and a 1998 payment was $25,000. He anticipated receiving two more payments of about $25,000 in October, 1999 and October, 2000. The 1996 and 1997 payments were deposited by husband *1214 into a bank account in his name only. He used some of that money to pay marital bills. With the 1998 payment, the husband set up a certificate of deposit titled in his name and the name of his sons.
Throughout the marriage, the wife supported her husband's ministry. She was a lay pastor, which meant that she was a "leader of the bible study group" and was "required by the pastor to attend a monthly training meeting." She attended church social events with her husband, prepared and opened their house to the church meetings, cleaned up afterward, and made sure her husband's clothes were washed and ironed. Since 1983, she worked as a teaching assistant at the school associated with the church. Starting in the fall of 1999, the wife's salary from the church was to be $17,000 per year.
The wife presented evidence at trial that showed that she and her husband typically assisted the elderly beyond their spiritual needs, by taking them to personal and medical appointments and assisting them with their personal business.
The wife argued that the money and house which the husband inherited from Powell should be treated as a marital asset, since it was "connected with the marriage" and arose out of the husband's occupation as a clergyman.
The trial court ruled that all of the Powell property was non-marital, since it was inherited "from a former friend, employee and parishioner of the church by the name of Theresa Powell." Recognizing that it was his job that brought the husband in contact with Powell, the court observed that the "help and friendship" he gave to Powell went beyond his "mandatory... job duties" with the church.
Section 61.075(5)(b)2. defines non-marital assets as including "[a]ssets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets." The Powell assets fit precisely into this definition. Contrary to the wife's argument, nothing in the statute limits its scope to inheritance from blood relatives. Because the statute specifically addresses the treatment of assets acquired by bequest or devise, we decline the wife's request to reclassify the Powell assets under the more general category of section 61.075(5)(a)1., which defines a marital asset as including an asset "acquired ... during the marriage." The husband's use of some of the Powell money to pay marital bills does not convert the funds remaining in the separately titled bank account into a marital asset. See Farrior v. Farrior, 736 So.2d 1177 (Fla.1999); Pinder v. Pinder, 750 So.2d 651 (Fla. 2d DCA 1999). For these reasons, we agree with the trial court that the Powell house and money constituted non-marital property.
On the remaining issues on appeal, we do not find that the trial court abused its discretion in its reliance on permanent alimony to do equity between the parties.
GUNTHER and SHAHOOD, JJ., concur.