823 So.2d 197 (2002)
Evelyn M. O'DONNELL, Appellant,
v.
Kyren C. MARKS, Appellee.
Nos. 4D01-2119, 4D01-3081.
District Court of Appeal of Florida, Fourth District.
July 17, 2002.
George P. Ord of Murphy, Reid, Pilotte, Ord & Austin, P.A., Palm Beach, for appellant.
Ronald L. Bornstein of Kramer, Ali, Fleck, Carothers, Hughes, Gelb & Bornstein, Jupiter, for appellee.

*198 ON MOTIONS FOR REHEARING/CLARIFICATION AND MOTION FOR REHEARING EN BANC

HAZOURI, J.
We grant appellant's motion for rehearing/clarification, withdraw our prior opinion, and substitute the following in its place. We deny appellee's motion for rehearing, and motion for rehearing en banc.
Appellant, Evelyn O'Donnell, petitioned the trial court to sell real property she and appellee, Kyren Marks, owned as tenants in common, and partition the proceeds under Chapter 64 of the Florida Statutes. After a bench trial, the trial court granted the partition and ordered the sale of the property awarding appellee a credit of $235,497.50 on his bid for the property at the sale. We affirm the grant of partition but reverse the trial court's determination of the allocation of the proceeds and remand for recalculation as discussed below.
On December 10, 1999, appellant and appellee closed upon a home in Jupiter, Florida. The property was purchased for $210,000 and the entire amount including closing costs was paid for by appellee from his individual funds received upon the exercise of his stock options. At the time of closing, the real property was deeded to both appellant and appellee, jointly, with right of survivorship. After the closing, appellee incurred costs and expenses for improvements, repairs, insurance and taxes which the trial court found totaled $50,995.
After finding that appellee had paid all costs for the real property, the trial court found that since the date of purchase and acquisition the parties were the sole owners of the property and each owned an undivided one-half interest in fee simple. The trial court then concluded that because appellee paid all the costs, he was entitled to a credit against appellant for her one-half interest in the real property ($105,000) and for her obligation to pay one-half of the costs and expenses incurred after closing ($25,497.50). Totaling appellee's interest and the two credits against appellant ($105,000 + $105,000 + $25,497.50), the trial court awarded appellee a $235,497.50 credit on his bid for the property at the partition sale. Appellant was awarded nothing.
Generally "[w]here a transfer of property is made to one person and the purchase price is paid by another a resulting trust arises in favor of the person by whom the purchase price is paid." RESTATEMENT (SECOND) OF TRUSTS § 440 (1959). However, "[a] resulting trust does not arise where a transfer of property is made to one person and the purchase price is paid by another, if the person by whom the purchase price is paid manifests an intention that no resulting trust should arise." RESTATEMENT (SECOND) OF TRUSTS § 441 (1959). Comment e to this section provides:
The fact that the payor takes title to property in the name of himself and another jointly is an indication of an intention of the payor to make a beneficial gift of an undivided interest in the property to the other person; and in the absence of evidence of a different intention of the payor, the other person does not hold his interest upon a resulting trust for the payor. This is true whether the transfer was made to the payor and the other person as joint tenants or as tenants in common.
RESTATEMENT (SECOND) OF TRUSTS § 441 cmt e (1959).
In paragraph U of the Amended Final Judgment, the trial court found, "[t]he Plaintiff and the Defendant are the sole owners of the subject real property described hereinabove, and each party owns an undivided one-half (½) interest in *199 the above described real property in fee simple." The determination that each party owned one-half of the property is consistent with the language of the warranty deed by which the parties took title and with the presumption of a gift from Marks to O'Donnell arising from the language of the deed.
To determine the allocation of the proceeds of the partition sale, the court must apply this court's two-step procedure set forth in Biondo v. Powers, 743 So.2d 161 (Fla. 4th DCA 1999). The first step is to determine each party's percentage of ownership of the property. The trial court found the split to be 50/50 and, therefore, each had an interest amounting to $105,000, half the $210,000 value determined by the trial court.
The next step requires the court to determine the reimbursable expenses incurred after closing and calculate each party's proportionate share using each party's percentage of ownership, i.e., fifty percent for each party. That amount is then subtracted from appellant's one-half interest in the property and given to appellee.
Appellant also asserts that the trial court's finding that total expenses amounted to $50,995 was not supported by the evidence and the law. Appellant has not preserved this issue for review as she did not object to the evidence presented and acceded during closing argument to her share of the expenditures as being between $25,000 and $26,000.
The trial court found that the expenditures from improvements totaled $50,995. If this amount is divided in half, there is a credit in the amount of $25,497.50 for appellee against appellant's one-half interest. The trial court should have entered judgment requiring an equal allocation of partition sale proceeds between the parties with a subsequent $25,497.50 reimbursement to Mr. Marks from Ms. O'Donnell's share.
Accordingly, we reverse and remand to the trial court for sale of the property pursuant to section 64.071, Florida Statutes (1999), and allocation of the proceeds of that sale in accordance with the principles set forth in this opinion. The trial court may in connection with such allocation receive evidence concerning excess contributions made or profits taken by either party subsequent to the date of the initial trial and adjust the allocation appropriately.
REVERSE AND REMAND.
WARNER and SHAHOOD, JJ., concur.