917 So.2d 1052 (2006)
Benjamin Michael GRIECO, Appellant,
v.
Jennifer Lynn Russ GRIECO, Appellee.
No. 2D04-3444.
District Court of Appeal of Florida, Second District.
January 13, 2006.
William C. Hamm, Jr., Lakeland, for Appellant.
M. Lance Holden, Winter Haven, for Appellee.
*1053 LaROSE, Judge.
Benjamin Michael Grieco, the Husband, appeals the final judgment dissolving his short-term marriage to Jennifer Lynn Russ Grieco, the Wife. The Husband argues that the trial court erred in ruling that a money market account he opened with inherited funds was a marital asset and in denying him credit for monies taken from that account to pay for marital obligations. Because the inherited funds never became a marital asset, we reverse.

I. The Husband's Inherited Funds

Section 61.075(5), Florida Statutes (2003), provides in pertinent part:
(a) "Marital assets and liabilities" include:
1. Assets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them;
2. The enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both;
3. Interspousal gifts during the marriage.
. . . .
(b) "Nonmarital assets and liabilities" include:
1. Assets acquired and liabilities incurred by either party prior to the marriage, and assets acquired and liabilities incurred in exchange for such assets and liabilities;
2. Assets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets;
3. All income derived from nonmarital assets during the marriage unless the *1054 income was treated, used, or relied upon by the parties as a marital asset....
Typically, in determining whether funds acquired prior to the marriage become marital assets, the trial court will consider numerous factors including title, commingling of marital and nonmarital funds, increases in value because of marital efforts, control of the funds, the length of the marriage, and the parties' intent concerning the marital or nonmarital status of the funds. See Victoria M. Ho and James Rhett Brigman, A Seven-Step Analysis of Equitable Distribution in Florida Part I: Classification and Valuation of Marital Property, 73 Fla. B.J. 62, May 1999 (citing Farrior v. Farrior, 712 So.2d 1154 (Fla. 2d DCA 1998); Lyons v. Lyons, 687 So.2d 837 (Fla. 2d DCA 1996); Archer v. Archer, 712 So.2d 1198 (Fla. 5th DCA 1998); Spielberger v. Spielberger, 712 So.2d 835 (Fla. 4th DCA 1998)). Here, the marital efforts factor does not apply; any increase in the value of the inherited funds resulted from passive interest. See Doerr v. Doerr, 751 So.2d 154, 155 (Fla. 2d DCA 2000). An analysis of the other relevant factors demonstrates that the Husband's inherited funds remained nonmarital assets.

Title
The Husband kept his inherited funds in a jointly titled money market account. Although the Wife's name was on the account, title, alone, does not determine whether the funds are marital assets. Steiner v. Steiner, 746 So.2d 1149, 1150 (Fla. 2d DCA 1999). This is particularly so when the Husband placed the Wife's name on the account solely for convenience. Our decision in Lawless v. Lawless, 362 So.2d 302 (Fla. 2d DCA 1978), is instructive. There, the parties to a short-term marriage created joint tenancies in their respective premarital personal property for convenience only and did not intend to make a gift of their respective property to each other. Id. at 302-03. We reversed the trial court's order dividing all of their property equally, holding that each party was entitled to the property each brought into the marriage. Id. at 303. Similarly, the Wife's name on the money market account, without more, does not transform the Husband's inherited funds into a marital asset. See also Lyons, 687 So.2d at 837 (holding certificate of deposit nonmarital asset where wife jointly titled her funds for testamentary purposes and later had certificate reissued in her name).

Commingling
The commingling of marital and nonmarital assets is an important factor in determining whether the inherited funds maintained their nonmarital status. "[E]vidence of an intent that an inheritance remain non-marital arises where the non-marital property is placed into a separate account, no other funds are deposited into it, and the account is never intermingled with the parties' other funds." Lakin v. Lakin, 901 So.2d 186, 190 (Fla. 4th DCA 2005). Such is the case here.
In Spielberger, 712 So.2d 835, the Fourth District held that a bank account funded with a spouse's premarital assets remained a nonmarital asset. Like the money market account here, the account in Spielberger was titled jointly, but neither marital funds nor the other spouse's monies were ever deposited into that account. See id. at 837. Here, the Husband and Wife pooled monies only in their joint checking account.
The Wife argues that the inherited funds were commingled because she was authorized to transfer funds from the money market account to their joint checking account to pay marital expenses. "Using *1055 some portion of non-marital funds to pay marital expenses does not convert the remaining non-marital funds into a marital asset." Lakin, 901 So.2d at 191; see also Hamilton v. Hamilton, 758 So.2d 1213, 1214 (Fla. 4th DCA 2000). At most, only the portion of funds the Wife withdrew for marital use lost their nonmarital character. See Pinder v. Pinder, 750 So.2d 651, 653 (Fla. 2d DCA 1999).
The Wife argues further that the issuance of consolidated bank statements for the money market and checking accounts reflects commingling of marital and nonmarital assets. We reject this argument. Consolidated bank statements reflecting a total account balance for the Husband and Wife do not change the character of the Husband's inherited funds where those funds remain separate and identifiable. See, e.g., Lakin, 901 So.2d at 189; Archer, 712 So.2d at 1200 (holding husband had burden to show wife intended gift of half interest in specific identifiable, never commingled, traceable assets within joint cash management account that wife received from her mother).

Control
Whether the Wife exercised control over the funds in the money market account is another important factor for consideration. In Crouch v. Crouch, 898 So.2d 177, 182-84 (Fla. 5th DCA 2005), for example, the Fifth District held that a spouse's nonmarital funds in a joint account remained nonmarital assets where there was insufficient evidence that the other spouse exercised any control over the account. Here, the Wife was authorized to, and did, transfer funds from the money market account to the joint checking account to pay marital expenses.
Such limited control, however, is not dispositive. In Farrior v. Farrior, 736 So.2d 1177 (Fla.1999), the husband's exercise of some management control over the wife's inherited stock, including the exercise of voting rights, did not make the stock a marital asset. Significant for purposes of our analysis is the fact that the stock in Farrior, like the Husband's inherited funds in this case, was never commingled with marital assets.[1]See id. at 1178.

Wife's Burden To Prove Gift
The record reveals no intention of the Husband to make a gift of his inherited funds to the Wife. In Archer, 712 So.2d 1198, the Fifth District held that a presumption of gift arose only with regard to previously nonmarital assets commingled in a joint account with marital funds. Where, as here, commingling is absent, the Wife must establish that the Husband intended a gift. See id.; Spielberger, 712 So.2d at 837. The Wife failed to do so. Compare Walser v. Walser, 473 So.2d 306, 308 (Fla. 2d DCA 1985) (holding that commingling inheritance with joint funds in active joint accounts to which both parties had equal access and into which both parties had made substantial deposits and withdrawals over four years was sufficient evidence to demonstrate intent of gift).

Length of Marriage
The length of the marriage may be considered in deciding whether a jointly titled asset is a marital asset. Awarding a spouse in a short-term marriage half of the assets the other spouse received from a nonmarital inheritance might be considered a windfall. See, e.g., Spielberger, 712 So.2d 835. Here, the Husband and Wife were married less than two years. The length of the marriage militates against a *1056 finding that the Husband's inherited funds became a marital asset.
Based on the record before us, we conclude that the Husband's inherited funds retained their nonmarital status.

II. Credits for Payments from the Money Market Account to Preserve Marital Assets

The Husband argues that the trial court erred in denying him a $33,402.32 credit for payments made from the money market account to maintain the marital home and to satisfy loan and insurance obligations for a family automobile. Prior to the entry of the final judgment, the Husband and Wife sold the home and the automobile. The trial court included the sale proceeds in the division of marital property. The trial court denied credits to the Husband based on its ruling that the inherited funds were marital assets. In fashioning an equitable distribution in light of all relevant circumstances, the trial court has latitude to award such credits. See Stock v. Stock, 693 So.2d 1080, 1086 (Fla. 2d DCA 1997) (citing Knecht v. Knecht, 629 So.2d 883, 887 (Fla. 3d DCA 1993)). On remand, the trial court may revisit the Husband's claim for credits.
Reversed and remanded for further proceedings.
SALCINES and KELLY, JJ., Concur.
NOTES
[1] See also Farrior, 712 So.2d 1154.