984 So.2d 1283 (2008)
Michelle A. JULIA, Appellant,
v.
Ronald A. RUSSO, as Personal Representative of the Estate of John J. Russo, Appellee.
No. 4D07-2271.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
*1284 William Jay Palmer of Shutts & Bowen, LLP, Miami, for appellant.
Curtis Alva, Fabienne E. Fahnestock and Jamie B. Schwinghamer of Gunster, Yoakley & Stewart, P.A., Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING AND/OR FOR CERTIFICATION
PER CURIAM.
We grant appellant's motion for rehearing, deny the motion for certification, withdraw our previous opinion, and substitute the following in its place.
In this probate action, appellant, Michelle Julia, filed a motion to withdraw funds from a bank account and an investment account in which she and the decedent, John Russo, were joint tenants with right of survivorship. The trial court denied the motion to withdraw funds and granted the Estate access to the accounts. We reverse and remand.
On March 9, 2006, the decedent opened an investment account in his name at Charles Schwab using only his funds. On April 26, 2006, the decedent added appellant's name to the Schwab account as a joint tenant with right of survivorship. The decedent added appellant's name to the Schwab account because he trusted her not to steal any of the money from the account. She did not contribute any funds to the Schwab account and she never withdrew any funds from it. She accessed the Schwab account only at the behest of the decedent.
On June 28, 2005, the decedent opened a bank account in his name at Bank of America. The decedent added appellant to the bank account as a joint tenant with right of survivorship on July 12, 2005. Neither appellant's nor the decedent's assets were commingled in the accounts and all of the assets were personal property.
The parties were never married but were together for a number of years. On May 19, 2006, the decedent was shot to death by appellant.
*1285 In her motion to withdraw funds from these accounts, appellant argues that she was entitled to at least half of the funds in the accounts even if, as the Estate alleges, appellant is not entitled to all of the funds pursuant to Florida's Slayer Statute, section 732.802(2), Florida Statutes (2006).[1] If the Slayer Statute is applied, appellant's right of survivorship is extinguished and the accounts became tenancies in common at the time the decedent died. See Capoccia v. Capoccia, 505 So.2d 624 (Fla. 3d DCA 1987). In the order denying appellant's motion, the trial court found that there is no presumption of a gift of personal property between unmarried tenants in common, citing Grieco v. Grieco, 917 So.2d 1052 (Fla. 2d DCA 2006), and Crouch v. Crouch, 898 So.2d 177 (Fla. 5th DCA 2005). It concluded that appellant did not establish that the decedent had gifted either account to her and that they should be divided according to the contribution of each person. As appellant did not contribute any money to the accounts, she was not entitled to any portion of either account.
On appeal, appellant argues that the trial court erred in finding that there was no presumption of a gift of personal property because Florida law provides that when a joint bank account is created with the funds of one person, there is a presumption of a gift to the other person which may be rebutted only by clear and convincing evidence to the contrary. We agree.
Initially, the trial court's reliance on Crouch and Grieco is misplaced. Both Grieco and Crouch were decisions which addressed the issue of whether certain assets were marital or nonmarital under section 61.075(5), Florida Statutes (2005). The principles involved in that determination are inapplicable here.
The issue here is how to determine what share a tenant in common is entitled to. "In absence of evidence to the contrary, co-tenants are presumed to owe [sic] equal undivided interests". Levy v. Docktor, 185 B.R. 378, 381 (S.D.Fla.1995). "[U]pon the death of a cotenant, the deceased cotenant's interest in the property subject to the tenancy in common passes to his or her heirs, and not to the surviving cotenant." 12 Fla. Jur.2d Cotenancy and Partition § 4 (1998). See, e.g., Reinhardt v. Diedricks, 439 So.2d 936, 937 (Fla. 3d DCA 1983). Taking title to property in joint names creates a presumption of a gift which may be rebutted. Sullivan v. Am. Tel. & Tel. Co., 230 So.2d 18, 20 (Fla. 4th DCA 1969). See also O'Donnell v. Marks, 823 So.2d 197 (Fla. 4th DCA 2002) (taking title as tenants in common is an indication of an intention to make a beneficial gift of an undivided interest to the other party); Mercurio v. Urban, 552 So.2d 236 (Fla. 4th DCA 1989) (stocks owned as tenants in common entitles co-owner to presumption of gift).
The trial court did not apply the presumption of a gift in appellant's favor but instead erroneously required her to prove the decedent intended to make a gift. We therefore find it necessary to reverse and remand for the trial court to determine if *1286 there was clear and convincing evidence presented which rebutted the presumption of a gift.
Additionally, the trial court erred in granting the Estate access to the accounts. For purposes of ruling on appellant's motion, the Slayer Statute was assumed to apply. There has yet to be an evidentiary hearing or any fact-finding determination that appellant unlawfully and intentionally killed the decedent.
Reversed and Remanded.
SHAHOOD, C.J., HAZOURI and DAMOORGIAN, JJ., concur.
NOTES
[1] Section 732.802(2), Florida Statutes (2005), provides:

(2) Any joint tenant who unlawfully and intentionally kills another joint tenant thereby effects a severance of the interest of the decedent so that the share of the decedent passes as the decedent's property and the killer has no rights of survivorship. This provision applies to joint tenancies with right of survivorship and tenancies by the entirety in real and personal property; joint and multiple-party accounts in banks, savings and loan associations, credit unions, and other institutions; and any other form of co-ownership with survivorship incidents.