| | | |
|---|---|---|
| **ALVIN JONES** | * | **NO. 2024-CA-0837** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **BUCK KREIHS MARINE REPAIR, L.L.C.** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

* * * * * * *

*PAB*

**BROWN, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority's opinion. I find the 2008 Agreement to be the controlling contract in this matter. I further find that any ruling on the duty to indemnify is premature, as there has been no finding of liability.

In accordance with purchase order no. 26444 ("P.O. #26444"), on February 19, 2010, UBT hired Buck Kreihs to replace large scales at its worksite. During the scale replacement, Mr. Jones was severely injured. In assessing which of the three contracts is applicable to Mr. Jones' February 19, 2010 accident, and finding that each contract at issue contains unambiguous language, I limit my review to the four corners of each contract.[1]

The 2008 Agreement was executed on June 27, 2008, by and between UBT and Buck Kreihs. The contract's "Parties Bound" section notes that it is only "binding upon the parties hereto and their respective successors, heirs, personal representatives and assigns." The "Purpose" section provides that the contract was made "to set forth the obligations and responsibilities applicable to the parties hereto in the event the Contractor [Buck Kreihs] performs work and/or services

---

[1] When a contract is unambiguous, it is "subject to interpretation based on the four corners of the instrument." *Thomas v. Bankers Specialty Ins. Co.*, 24-0043, p. 8 (La. App. 4 Cir. 6/25/24), 398 So.3d 29, 35 (citing *Bodenheimer v. Carrollton Pest Control & Termite Co.*, 17-0595, p. 7 (La. App. 4 Cir. 2/14/18), 317 So.3d 351, 357).

1

pursuant to an oral or written request by the Company [UBT]." Later in the contract, the "Alterations and Amendments" section states that alterations and amendments to the contract will only be valid when "made in accordance with the provisions of this Agreement or by an instrument in writing signed by Company [UBT] and by Contractor [Buck Kreihs] . . . . " Further, the only way for either UBT or Buck Kreihs to cancel the contract is by "giving the other party thirty (30) days prior written notice . . . . " The "Term of Agreement" section lays out that the contract "shall be effective as of the date it is executed and shall remain in force and effect throughout that calendar year and from year to year thereafter unless and until cancelled by UBT or by Contractor [Buck Kreihs], subject to thirty (30) days prior written notice of such cancellation."

The 2010 Agreement was executed on February 3, 2010, by and between UOS and Buck Kreihs. Similar to the 2008 Agreement, this contract's "Parties Bound" section notes that it is only "binding upon the parties hereto and their respective successors, heirs, personal representatives and assigns." The "Purpose/Priority of Agreement Documents" section provides that the contract is meant to "set forth the general obligations and responsibilities applicable to the parties hereto in the event Contractor [Buck Kreihs] performs work and/or services pursuant to a Company [UOS] Service Purchase Order (hereinafter referred to as "SPO") referencing this Agreement." This contract provides that while UOS and Buck Kreihs can execute a written instrument for alterations and amendments, only UOS has the immediate right to cancel the contract upon written notice given to Buck Kreihs in certain circumstances. Lastly, the "Entire Agreement" section provides that this contract and any UOS SPOs "contain the entire agreement of the parties which may not be modified orally or by past or future conduct or representations, but only may be modified by a writing signed by each of the parties that is made and signed after the date of the signing of this agreement."

2

The 2011 Amendment was executed on November 30, 2011 and provides that the 2010 Agreement is, "by mutual agreement of both parties," hereby amended to state that "[UMG] and all of its affiliated entities, [UBL] and [UBT] are made a [sic] parties to the Agreement, and, the same rights, obligations, protections, responsibilities and the like as provided to/by UOS in the Agreement shall apply to UBL and UBT." The language does not include any indication that the amendment is to be applied retroactively.

There is no dispute in this matter that the 2008 Agreement was formed by and between UBT and Buck Kreihs. The record does not contain any written instruments signed by both UBT and Buck Kreihs which could be construed as an alteration or amendment. Moreover, the record does not contain a written notice from either UBT or Buck Kreihs cancelling the contract. Thus, in following the "Term of Agreement" section, the record is devoid of any evidence that the 2008 Agreement was ever cancelled or altered in any way before the 2011 Amendment added UBT and UOS under one umbrella. Further, looking to P.O. #26444, it was issued by UBT to Buck Kreihs, and it made no reference to any other parties.

Turning to the 2010 Agreement, I highlight that it was executed on February 3, 2010, and only between UOS and Buck Kreihs. UBT was never mentioned in the language and UBT was not a signatory to the contract. While indemnity is being sought from both UBT and UOS in the underlying proceeding, as mentioned above, P.O. #26444 made no reference to UOS. I do recognize that the portion of the 2010 Agreement specific to indemnity does mention that the terminology "Company" refers to UOS individually and collectively as well as its parent, subsidiary, affiliated and related companies. However, I disagree with the majority that this one portion of the 2010 Agreement binds the entire contract to include UBT. The parties bound to the contract have been exclusively labeled as "the parties hereto," which the opening paragraph of the contract instructs are UOS and

3

Buck Kreihs, only. Thus, as previously mentioned, without P.O. #26444 referencing UOS, I find that the 2010 Agreement 2010 Agreement cannot be said to have been applicable to Mr. Jones' accident, which occurred as a result of work being performed per the purchase order between UBT and Buck Kreihs.

Lastly, I look to the 2011 Amendment, which added UBT and UBL to the 2010 Agreement as of November 30, 2011. Notably, the 2011 Amendment contains no reference to retroactivity. Thus, moving forward from November 30, 2011, UBT may be a party to the 2010 Agreement; however, UBT was not a party to the 2010 Agreement at the time of Mr. Jones' accident.

I likewise disagree with that portion of the majority opinion which found that UOS and UBT are contractually obligated to indemnify Buck Kreihs. "The rule of indemnity is based upon the general obligation to repair the damage caused by one's fault under La. C.C. art. 2315.[2]" *Bennett v. DEMCO Energy Servs., LLC*, 23-01358, p. 3 (La. 5/10/24), 386 So.3d 270, 273 (citing *Nassif v. Sunrise Homes, Inc.*, 98-3193, p. 4 (La. 6/29/99), 739 So.2d 183, 186). When "no determination of liability [has] been made, [a] claim for indemnity [is] not ripe for adjudication." *Id.* at p. 7, 386 So.2d 275-76 (citing *Suire v. Lafayette City-Par. Consol.Gov't*, 04-1459, 04-1460, 04-1466, p. 17 (La. 4/12/05), 907 So.2d 37, 51). This does not make an indemnity claim itself premature prior to a finding of liability, but rather makes a ruling on a claim for indemnity prior to a ruling on liability premature. *See Riggio v. Ports Am. Louisiana, L.L.C.*, 24-0436, p. 15 (La. App. 4 Cir. 12/5/24), ___ So.3d ___, ___, 2024 WL 4986530, at *6 (citing *Bennett*, 23-01358, pp. 8-9, 386 So.3d at 276). Thus, based upon a long line of Louisiana jurisprudence, I find that it is premature to rule on the demand for defense and indemnification prior to the adjudication of liability.

---

2 Louisiana Civil Code article 2315 provides, in pertinent part: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

For the above-stated reasons, I would reverse the district court's judgment and remand the matter for further proceedings.