917 So.2d 365 (2005)
Joseph CAPOZZA, Appellant/Cross-Appellee,
v.
Rosemary CAPOZZA, Appellee/Cross-Appellant.
No. 5D05-378.
District Court of Appeal of Florida, Fifth District.
December 30, 2005.
*366 Charles W. Willits, Orlando, for Appellant/Cross-Appellee.
Michael R. Walsh, Orlando, for Appellee/Cross-Appellant.
PETERSON, J.
Joseph Capozza appeals a final judgment of dissolution of marriage to Rosemary Capozza, alleging that the trial court erred by including twenty shares of Somers Realty Corporation, a closely-held family corporation, as marital property subject to equitable distribution. The value of the shares is also contested by both parties in the appeal and cross-appeal.
The parties were married in 1969. In 1985, Joseph's father, Frank Capozza, purchased 300 acres of New York real estate for $10,000,000 and shortly after the acquisition transferred the title to the real estate to a newly-formed corporation, Somers Realty Corporation, ("Somers"). The original acquisition by Frank was financed in total and when an anticipated resale failed to materialize after title was transferred to Somers, Frank paid the indebtedness. The sources of payment of the indebtedness were Frank's cash of $9,000,000 and a loan from a trust established by him for his grandchildren. The corporation's financial records have consistently shown the payment by Frank as "Loans from Shareholders" and the indebtedness to the grandchildren's trust as "Mortgages, Notes and Bonds Payable in one year or more."
When Somers Realty Corporation was formed by Frank, the corporate stock was issued as follows:
60 shares to Frank
20 shares to Frank's wife, Anna
20 shares to Joseph
Frank died in 1997 and the estate's federal tax return reflected that no value was attributed to his stock in Somers because the real estate had declined in value to $8,000,000 and the indebtedness had increased to over $11,000,000. When Frank died, Anna became the owner of his stock increasing her ownership to eighty shares. When Anna died in May 2001, her will contained bequests of 33 1/3 shares to each of two of her sons and only 13 1/3 shares to her third son, Joseph. Each of the three sons thereby became equal shareholders.
The petition for dissolution of marriage filed by Rosemary in November 2000 alleged *367 that twenty of the 33 1/3 shares originally issued by Somers to Joseph was marital property because Frank gave it to his son as compensation for Joseph's services rendered to his father. The trial court agreed with Rosemary and included it in the scheme of distribution as marital property.
Rosemary contends that the stock was properly included as a marital asset because during their marriage, Joseph learned about the land and brought it to the attention of his father as an investment opportunity with the assurances that it was a lucrative deal and that he would assist his father in the marketing of the property for a quick sale. She claimed to be present when Frank told his son, "I will do it for you." She also contends that Joseph admitted in a deposition during litigation with his brother, Al, that the twenty shares was compensation. The question posed was "what did you give (for the stock)." Joseph answered, "the presentation of the opportunity to invest in the real estate, the connections associated with that, the hours managing the property, the brokerage of the property on the sale of the property, the putting together of the planning teams and engineering teams to move this property along."
Joseph insists that the twenty shares of Somers was a gift from his father because the evidence shows that:
1. Joseph contributed no funds to the purchase price of the real estate nor did he contribute any funds to the corporation.
2. Joseph was never an officer or director of Somers.
3. Joseph never treated the twenty shares received from his father as income and his tax returns support this.
4. Joseph was not a real estate broker.
5. Joseph testified that his father gave him the stock as a dutiful son and his oldest brother, Al, from whom he is estranged, verified that assertion.
6. Frank was in the fuel oil business which was transferred to his two other sons because Joseph did not wish to participate.
7. Anna's bequests of the Somers' stock that equalized ownership among the three sons is evidence of a gift/pre-inheritance intent rather than remuneration.
8. Joseph's efforts to market the real estate ceased in 1992 when his father and his brother became disenchanted with the purchase and control of Somers was given to his brother, Al, a real estate professional.
9. The corporate stock had no value when Frank died in 1997, as shown by the estate tax return.
10. In 1992 Joseph was prohibited by his father and his brother, Al, who was a realtor, from any activity in connection with Somers and its real estate and that the real estate had declined in value while indebtedness incurred in its acquisition had increased.
Section 61.075(5)(b)2, Florida Statutes (2005), defines nonmarital assets as "[a]ssets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets." Corporate stock is included in the type of assets that can be the subject of a nonmarital transfer. Accordingly, as a matter of law, the trial court abused its discretion in deeming the twenty shares of Somers gifted to the former husband by his parents a marital asset subject to equitable distribution. Cf. Mills *368 v. Mills, 845 So.2d 230 (Fla. 3d DCA 2003) (recognizing transfer of stock in construction business from grandmother to husband was a gift, rather than compensation for services performed for grandmother's corporation, and thus, business was not a marital asset subject to equitable distribution in divorce); Vick v. Vick, 675 So.2d 714 (Fla. 5th DCA 1996) (affirming trial court's ruling that husband's interest / stock in a company, given to him by his father, was not a marital asset, and recognizing that only increased value in husband's interest attributable to marital efforts could be considered marital asset). In Mills, the husband's interest could have increased in value as a result of his efforts during the marital relationship and the matter was remanded to the trial court to determine the amount of increase, if any, for inclusion in the equitable distribution of assets. In the instant case, the record reflects that the value of the real estate declined and indebtedness was increased consequently devaluing Somers' stock during any efforts expended by Joseph after Frank acquired the real estate.
We disagree with the trial court and find that it was an abuse of discretion to determine that Frank's direction to Somers to issue twenty of its shares to Joseph was income rather than a gift. Neither Frank nor Joseph ever treated the stock as income and Joseph has been prohibited by his family from activities connected with the real estate or Somers since 1992 as the value was declining. Rosemary's attempt to reclassify the gift as income by attributing a statement to a father that he would purchase real estate at the urging of a son and would do it for the son does not convert the transfer to income. The record is devoid of any agreement between father and son that would convert the family transfer into a business transaction in which mutual consideration flowed to the family members.
The final judgment is affirmed as to the dissolution of the marriage, but vacated as to the equitable distribution of marital assets. We remand for a revised scheme of distribution deleting from the schedule of marital assets the twenty shares of Somers Realty Corporation which is to be considered the separate asset of Joseph Capozza. We need not consider the valuation of the stock in view of its deletion from the schedule of marital assets.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PLEUS, C.J., and SHARP, W., J., concur.