974 So.2d 1126 (2008)
Vince ALVAREZ, Appellant,
v.
Ana Cristina PLANA, f/k/a Ana C. Plana-Alvarez, Appellee.
No. 5D07-308.
District Court of Appeal of Florida, Fifth District.
January 25, 2008.
Rehearing Denied February 27, 2008.
*1127 Theodore R. Doran and Audrie M. Harris of Doran, Wolfe, Ansay & Kundid, Daytona Beach, for Appellant.
Shannon L. Akins of Law Offices of Shannon L. Akins, P.A., Orlando, for Appellee.
PER CURIAM.
In this divorce proceeding, Appellant raises several points on appeal, only one of which warrants discussion: whether the lower court erred in its determination that a Smith Barney account in joint names was a marital asset. Concluding that the lower court erred, we reverse and remand for further proceedings on this issue. In all other respects, we affirm the judgment.
Indisputably, the Smith Barney account only contained assets that were acquired by Appellant prior to the marriage. They were never commingled with marital assets. Although Appellant placed Appellee's name on the account shortly after the marriage commenced, Appellant managed the account exclusively throughout the seven-year marriage. In fact, Appellee admitted that she had not been aware that her name was on the account until after she received discovery in the dissolution proceedings.
The lower court determined that the account was marital, concluding that Appellant "failed to meet his burden of proving . . . that the Smith Barney brokerage [account] should not be treated as marital." This conclusion was erroneous. Once Appellant demonstrated that the assets originated as his separate, non-marital property, and never became commingled or otherwise untraceable, the burden was on Appellee to prove that Appellant intended to make a gift to her of one-half of them. Archer v. Archer, 712 So.2d 1198, 1200 (Fla. 5th DCA 1998). Because Appellee offered no evidence to establish that a gift was intended and was not even aware that the funds were in her name until after the proceedings were commenced, the assets remained non-marital. Accord Crouch v. Crouch, 898 So.2d 177 (Fla. 5th DCA 2005).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
THOMPSON, TORPY and LAWSON, JJ., concur.