VAN NORTWICK, J.
 

 Paul Joseph Robinson appeals a final judgment of dissolution arguing that the trial court erred in treating as marital property five shares of stock he acquired prior to the marriage and in establishing the amount of alimony awarded appellee, Libbie Brown Robinson, the former wife. For the reasons that follow, we agree with Robinson that the trial court abused its discretion in treating his five shares of stock, acquired prior to the marriage, as a marital asset when the court equitably distributed the parties’ assets. We affirm without further comment the amount of the trial court’s award of permanent alimony to the former wife.
 

 Mr. Robinson is an officer and employee of a closely held corporation, Gulf Tool Corporation, the capital stock of which is owned by him and his parents. When the parties married in 1991, he owned five of the twenty shares of common stock outstanding and his parents owned the balance. During the marriage, he acquired an additional three shares of stock. Mr.
 
 *197
 
 Robinson conceded that the three shares of stock of Gulf Tool Corporation acquired during the marriage constituted a marital asset, but he argued that the other five shares were nonmarital property.
 

 Below, a business appraiser testified that, at the time the dissolution action was filed in 2006, Mr. Robinson’s eight shares were valued at approximately $407,100, or $50,885 per share. No evidence was presented as to the value of the stock at the time the parties married or when the stock was originally issued to him prior to their marriage. In the proceeding below, the former wife urged the trial court to treat all eight shares as a marital asset.
 

 Although the trial court initially agreed that the five shares constituted a nonmari-tal asset, the trial court ruled that it was Mr. Robinson’s burden to prove the value of the nonmarital stock at the time of the parties’ marriage and, since he failed to prove the premarital value of the five shares of stock, the court ruled it was required to find all eight shares of stock to be marital property.
 

 An asset acquired prior to the marriage is, by definition, nonmarital. § 61.075(5)(b)l., Fla. Stat. (2006). The court is required to set aside any nonmari-tal asset to the party owning it, and equitably distribute only the marital assets and liabilities between the parties. § 61.075(1), Fla. Stat. (2006). Here, there is no evidence of enhancement, commingling, or gift to the former wife. Thus, Robinson’s five shares of stock were required to be considered nonmarital property and excluded from the equitable distribution scheme.
 
 Capozza v. Capozza,
 
 917 So.2d 365 (Fla. 5th DCA 2005);
 
 Mills v. Mills,
 
 845 So.2d 230 (Fla. 3d DCA 2003); and
 
 Vick v. Vick,
 
 675 So.2d 714 (Fla. 5th DCA 1996). The nonmarital stock was not transformed into a marital asset merely because Mr. Robinson derived the family income from his work for the corporation.
 
 Farrior v. Farrior,
 
 736 So.2d 1177 (Fla.1999) (holding that where the stock is not sold, intermingled with other assets, and remained titled in the wife’s name, the stock was nonmarital). The former wife cites no authority for her contention that, though there was no commingling of the stock, it was her former husband’s burden to prove the value of the premarital stock so that the trial court could segregate it as nonmarital, and, we find no support for that proposition. Because the five shares were nonmarital property, the value of those shares is irrelevant to the distribution scheme.
 

 Accordingly, we reverse the trial court’s determination that the five shares of stock owned by Mr. Robinson before the parties’ marriage constitutes a marital asset. Because the stock was an integral part of the trial court’s equitable distribution plan, we must vacate the plan and remand for further proceedings so that a new equitable distribution plan, without consideration of the five shares of stock, can be fashioned.
 
 See Anson v. Anson,
 
 772 So.2d 52, 55 (Fla. 5th DCA 2000).
 

 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
 

 KAHN and PADOVANO, JJ., concur.