PER CURIAM.
This is an appeal from an amended final judgment of dissolution. Of several errors asserted by the former husband, we agree with two: the trial court incorrectly classified a jointly titled burial plot as the former wife’s nonmarital property, and incorrectly classified a 1999 Cadillac as marital property.
The former wife received two burial plots during the marriage as gifts from her aunt, and added the former husband to the deed for one of the plots. She testified she did so believing the parties’ marriage would last. The trial court incorrectly deemed the burial plot nonmarital property belonging to the former wife. For purposes of equitable distribution, marital assets include “[ijnterspousal gifts during the marriage.” § 61.075(6)(a)l.c., Fla. Stat. (2011). The former wife’s testimony establishes the burial plot as an interspousal gift. Furthermore, “[a]ll real property held by the parties as tenants by the en-tireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset.” § 61.075(6)(a)2., Fla. Stat. (2011). See Beal Bank, SSB v. Almand & Assoc., 780 So.2d 45, 54 (Fla.2001) (“In the case of ownership of real property by husband and wife, the ownership in the name of both spouses vests title in them as tenants by the entireties.”). The party claiming otherwise has the burden to prove the property is a nonmarital asset. Id. The former wife put on no evidence in this regard, except to say she now does not want the former husband to have the plot. Cf. Marsh v. Marsh, 419 So.2d 629, 630 (Fla.1982) (holding trial court correctly classified home that belonged to former wife before the marriage as marital property, where former wife added former husband to deed, but testified she only did so to provide a home for her children from prior marriage should anything happen to her).
As to the Cadillac, the former wife listed it as a marital asset in an exhibit she entered into evidence, but gave no testimony about how the parties acquired the car. The former husband, on the other hand, testified the car had belonged to his mother, and that she transferred title to him before going to a nursing home. “Assets acquired separately by either party by noninterspousal gift” are nonmarital assets. § 61.075(6)(b)2., Fla. Stat. (2011). Absent evidence to the contrary, the trial court erred by classifying the Cadillac as *164 marital property and distributing it to the former wife.
We reverse and remand the amended final judgment for the trial court to correct the errors described above. On remand, the court should also review the former wife’s award of attorney’s fees in light of the revised equitable distribution scheme. See Allen v. Allen, 114 So.3d 1102 (Fla. 1st DCA 2013).
AFFIRMED, in part; REVERSED, in part; REMANDED, with directions.
VAN NORTWICK, MARSTILLER, and RAY, JJ., concur.