PER CURIAM.
Doris Madson, the Former Wife, appeals the Final Judgment of Dissolution of Marriage and raises several issues, only one of which merits discussion. The Former Wife argues that the trial court erred by classifying her Coca-Cola shares as marital assets. We agree and, therefore, reverse the Final Judgment solely as to this issue and remand with instruction to reclassify the Coca-Cola shares as nonmari-tal assets. In all other respects, we affirm the Final Judgment.
At trial, the Former Wife’s son testified that he had purchased Coca-Cola shares for the Former Wife as a gift. The Former Wife testified that the Coca-Cola shares were a gift from her son, and she neither purchased additional shares nor reinvested the original ones. In its equitable distribution scheme, the trial court classified the Coca-Cola shares as marital assets and distributed them to the Former Wife. This appeal followed.
*208 A trial court “shall set apart to each spouse that spouse’s nonmarital assets,” which include “[a]ssets acquired separately by either party by noninterspousal gift.” § 61.075(1), (6)(b), Fla. Stat. (2010); see also McKee v. Mick, 120 So.3d 162, 163-64 (Fla. 1st DCA 2013) (finding that the trial court erred by classifying a vehicle as marital property and distributing it to the wife where the husband testified that the car used to belong to his mother, who transferred title to him); Tradler v. Tradler, 100 So.3d 735, 743 (Fla. 2d DCA 2012) (reversing and remanding the final judgment for the trial court to reclassify certain checks as nonmarital assets where the husband received them as gifts from his mother, kept them in his name only, and never commingled the funds in a joint account); Capozza v. Capozza, 917 So.2d 365, 368 (Fla. 5th DCA 2005) (remanding “for a revised scheme of distribution deleting from the schedule of marital assets the twenty shares ... which is to be considered the separate asset of [the husband],” who had received them as a gift from his father).
In light of the testimonies of the Former Wife and her son, the trial court erred by classifying the Coca-Cola shares as marital assets because the Former Wife had received the shares as a gift from her son and did not commingle them with marital assets. See § 61.075(1), (6)(b), Fla. Stat.; McKee, 120 So.3d at 163-64; Tradler, 100 So.3d at 743; Capozza, 917 So.2d at 368.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
LEWIS, C.J., BENTON and SWANSON, JJ„ concur.