IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

September 30, 2020

DAVID A. STREET,                          )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case No. 2D18-283
                                          )
ELYSSA A. STREET,                         )
                                          )
            Appellee.                     )
_____)

BY ORDER OF THE COURT:

           Appellee's motion for rehearing is granted, and the prior opinion dated

May 1, 2020, is withdrawn and the attached opinion is issued in its place.   Appellee's

request for appellate attorney's fees for the motion for rehearing is remanded to the trial

court.  If Appellee establishes her entitlement thereto, the trial court is authorized to

award all or a portion of her reasonable appellate attorney's fees.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL
CLERK

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID A. STREET,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D18-283
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
ELYSSA A. STREET,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed September 30, 2020.

Appeal from the Circuit Court for Collier
County; Joseph G. Foster, Judge.

Mark V. Silverio and Cynthia B. Hall,
of Silverio & Hall, P.A., Naples, for
Appellant.

Cynthia L. Greene of Young, Berman,
Karpf & Gonzalez, P.A. Miami, for
Appellee.

ATKINSON, Judge.

⠀⠀⠀⠀⠀⠀David A. Street, the husband, appeals from a final judgment dissolving his marriage to Elyssa A. Street, the wife. Because the trial court erred in its classification of certain assets as marital, we reverse the final judgment in part and remand for the entry of an amended final judgment consistent with this opinion.

The parties were married on December 28, 2006. Neither party was employed or earned a wage income during the marriage. Instead, the husband supported the family by passive income and funds from his nonmarital accounts as well as loans from his father. The wife filed a petition for dissolution of marriage on October 14, 2014. The case was tried over three days in February 2016, and a fourth hearing took place in June 2016. Both parties presented accounting experts at the hearings.

In its final judgment, the trial court found that, with the exception of two accounts (First Bank Trust No. 5852 and Raymond James No. 4228), the husband failed to prove that the remaining disputed assets were nonmarital. As such, the remaining assets pertinent to this appeal were equitably distributed as follows: (1) the bank accounts and brokerage accounts were divided utilizing the husband's valuations of each; (2) the boat slip was distributed to the husband; (3) the stocks purchased by the husband were distributed to him in accordance with the husband's valuations of each; and (4) the vehicles were distributed to the husband using the husband's valuations of each. The court ordered the husband to pay the wife an equalizer payment in the amount of $952,962.00 within sixty days of the entry of its final judgment.

This court reviews a trial court's classification "of an asset as marital or nonmarital de novo and any factual findings necessary to make this legal conclusion for competent, substantial evidence." Dravis v. Dravis, 170 So. 3d 849, 852 (Fla. 2d DCA 2015) (citing Tradler v. Tradler, 100 So. 3d 735, 738 (Fla. 2d DCA 2012)). Florida's equitable distribution statute provides the following in pertinent part:

> (a) 1.  "Marital assets and liabilities" include:
> a.  Assets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them.
> b.  The enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereof of marital funds or other forms of marital assets, or both.
> c.  Interspousal gifts during the marriage.
> . . . .
> (b)  "Nonmarital assets and liabilities" include:
> 1.  Assets acquired and liabilities incurred by either party prior to the marriage, and assets acquired and liabilities incurred in exchange for such assets and liabilities;
> 2.  Assets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets.

§ 61.075(6), Fla. Stat. (2014).  In classifying assets as marital or nonmarital, "the trial court will consider numerous factors including title, commingling of marital and nonmarital funds, increases in value because of marital efforts, control of the funds, the length of the marriage, and the parties' intent concerning the marital or nonmarital status of the funds."  Grieco v. Grieco, 917 So. 2d 1052, 1054 (Fla. 2d DCA 2006).

<u>Accounts</u>

The trial court erred in classifying the following accounts as marital assets: (1) First Bank No. 4649; (2) Charles Schwab No. 9688; (3) Raymond James No. 0443; (4) JP Morgan No. 8001; and (5) JP Morgan No. 9009.

Both First Bank No. 4649 and Raymond James No. 0443 were opened prior to the marriage and were only listed in the husband's name.  There was no evidence that these accounts had been commingled with marital funds.  See Pinder v. Pinder, 750 So. 2d 651, 653 (Fla. 2d DCA 1999) (holding that the trial court erred in concluding that the wife's investment account was a marital asset because the evidence

- 3 -

showed that the money came from an inheritance and there was no evidence of commingling); Gromet v. Jensen, 201 So. 3d 132, 134-35 (Fla. 3d DCA 2015) (reversing portion of the final judgment finding that the husband's three accounts lost their character as nonmarital assets due to commingling because the wife failed to introduce any evidence to support that marital funds were deposited into the accounts). As such, these accounts should have been classified as nonmarital.

Although Charles Schwab No. 9688, JP Morgan No. 8001, and JP Morgan No. 9009 were opened during the marriage, these accounts were funded by the husband's nonmarital accounts. The wife admitted that she did not put any marital funds into any of these accounts. Additionally, the husband's expert did a full tracing of JP Morgan No. 8001 and JP Morgan No. 9009 and testified that no marital deposits were made into these accounts. Because these accounts only contained assets that were acquired by the husband prior to the marriage and there was no evidence of commingling, these accounts should have been classified as nonmarital. See Alvarez v. Plana, 974 So. 2d 1126, 1127 (Fla. 5th DCA 2008) (holding that the trial court erred in determining that a joint account was a marital asset because the account only contained assets that were acquired by the husband prior to the marriage, the assets were never commingled with marital assets, and the husband managed the account exclusively throughout the marriage).

However, the trial court properly concluded that the husband failed to meet his burden in proving that First Bank No. 0878 was a nonmarital asset. The husband testified that this account was opened prior to the marriage. However, his expert testified that it was opened during the marriage and that it was fully funded by

- 4 -

one of the husband's nonmarital accounts.  The wife's expert was unsure whether to classify this account as marital or nonmarital because no statement was provided for this account.  Given the conflicting testimony between the husband and his expert as to when the account was opened, the husband failed to meet his burden to prove that this account was nonmarital.  See Smith v. Smith, 971 So. 2d 191, 193 (Fla. 1st DCA 2007) (noting that the spouse claiming that an asset is nonmarital has the burden of proof).

Stocks

The trial court erred in classifying the husband's stock in First Bancorp, AIG, AmerisourceBergen, Western Union, First Horizon, Host Hotels, and Yum Brands as marital assets.  The husband acquired stock in these companies prior to the marriage, and there was no evidence of enhancement or commingling or that they were given to the wife as a gift.  See Farrior v. Farrior, 736 So. 2d 1177, 1178 (Fla. 1999) (holding that where stock is not sold, intermingled with other assets, and remained titled in the wife's name, the stock was nonmarital); Doerr v. Doerr, 751 So. 2d 154, 155 (Fla 2d DCA 2000) (holding that the trial court erred in classifying the husband's General Electric stock as marital because the husband inherited the stock during the marriage, the stock grew by passive appreciation, and the wife did nothing to enhance its value); Robinson v. Robinson, 10 So. 3d 196, 197 (Fla. 1st DCA 2009) (holding that the trial court erred in finding that shares of stock that the husband acquired prior to the marriage was marital because there was no evidence of enhancement, commingling, or a gift to the wife).

Vehicles

The trial court erred in classifying the 2016 Jaguar, the 2014 Mercedes Benz, the BMW Motorcycle, and the Harley Davidson Motorcycle as marital assets. Although the 2016 Jaguar, the 2014 Mercedes Benz, and the BMW Motorcycle were acquired during the marriage, they were purchased with funds from the husband's First Bank Trust 5852 account, which the trial court properly found was nonmarital. Because the husband purchased these vehicles with nonmarital funds, they are nonmarital assets not subject to equitable distribution. See § 61.075(6)(b)1. (providing that assets acquired by either party prior to the marriage and assets acquired in exchange for such assets are nonmarital); cf. Distefano v. Distefano, 253 So. 3d 1178, 1182 (Fla. 2d DCA 2018) (holding that the trial court erred in classifying a 2014 Toyota Camry as the wife's nonmarital asset because the vehicle was purchased during the marriage, in part, with commingled money held in the wife's checking account that contained marital funds). Because the husband received the Harley Davidson Motorcycle as a gift from his father, it is a nonmarital asset. See § 61.075(6)(b)2. (declaring assets acquired separately by either party by noninterspousal gift to be nonmarital).

However, the trial court properly concluded that the husband failed to meet his burden to prove that the 2012 Mini Cooper, the 2012 Ford, and the 2010 Greyhawk Mini were nonmarital assets. These vehicles were acquired during the marriage, and there was either no testimony or inconclusive testimony as to what account was used to purchase these vehicles. See § 61.075(6)(a)1.a. (declaring assets acquired during the marriage, individually by either spouse or jointly by them, to be marital).

Boat Slip

The trial court erred in classifying the boat slip as marital.  Although it was obtained during the marriage, it was purchased with funds from the husband's JP Morgan No. 8001 account, which was a nonmarital asset.  See § 61.075(6)(b)1.

<u>Conclusion</u>

Based on the foregoing, we reverse the final judgment in part and remand for the trial court to correct the equitable distribution schedule consistent with this opinion.  Upon remand, the trial court is directed to consider whether an award of alimony or a change in child support is necessary in light of the corrections to the equitable distribution.  See <u>Santiago v. Santiago</u>, 51 So. 3d 637, 639 (Fla. 2d DCA 2011) ("The trial court may revisit other interrelated financial issues, such as alimony and attorneys' fees, to the extent they are affected by any changes in the equitable distribution scheme." (citing <u>Noah v. Noah</u>, 491 So. 2d 1124, 1128 (Fla. 1986))); <u>Bailey v. Bailey</u>, 617 So. 2d 815, 816–17 (Fla. 2d DCA 1993); <u>Colino v. Colino</u>, 198 So. 3d 1137, 1140 (Fla. 5th DCA 2016).

Affirmed in part, reversed in part, and remanded with instructions.


CASANUEVA and SLEET, JJ., Concur.